**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANICE MAXINE MCCOY,
<u>Plaintiff-Appellant,</u>

v.

DAVID ROBINSON, Trooper; JAMES
VAUGHN, Lieutenant,

No. 97-2023

<u>Defendants-Appellees,</u>

and

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY,
<u>Defendant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-96-105-5)

Submitted: December 9, 1997

Decided: January 14, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David A. Jividen, James B. Stoneking, BORDAS, BORDAS & JIVI-
DEN, Wheeling, West Virginia, for Appellant. Karen E. Kahle,

STEPTOE & JOHNSON, Wheeling, West Virginia; Richard D. Kla-
ber, M. Suzanne McCartney, DICKIE, MCCAMEY, & CHILCOTE,
Wheeling, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Janice Maxine McCoy appeals the district court's order granting
summary judgment to Defendants Trooper D.L. Robinson and Lieu-
tenant James Vaughn on her claims under 42 U.S.C.§ 1983 (1994),
and on her state law claims of false arrest, malicious prosecution, and
intentional infliction of emotional distress. We affirm.

On June 12, 1995, McCoy went to the Northern Regional Jail in
Moundsville, West Virginia, to deliver clothes for inmate Marcus
Payton to wear in an upcoming court appearance. Upon arriving at the
jail McCoy handed the clothes to a correctional officer and proceeded
to the visitation area. While McCoy was visiting with Payton, the cor-
rectional officer found a small rock-like substance wrapped in cello-
phane in the pocket of a vest McCoy had brought for Payton.
Suspecting that the substance was crack cocaine, the officer contacted
Lieutenant Vaughn who then informed McCoy that her visit had been
terminated because she was suspected of bringing crack cocaine into
the jail. McCoy then left the visitors' booth and agreed to wait for the
arrival of West Virginia Public Safety Trooper D.L. Robinson.

Approximately an hour later Trooper Robinson arrived at the jail.
He made a physical inspection of the rock substance and determined
that it was crack cocaine. Vaughn then led McCoy to an interview
room where Robinson proceeded to ask her questions about the sub-
stance found in the vest pocket. Vaughn was not present for the ques-
tioning and had no further contact with McCoy after directing her to

2

the interview room. Robinson learned from McCoy that she had stopped at Payton's sister's house en route to the jail to pick up the clothes. While at the house McCoy sorted through a bag of Payton's clothing and selected a few items she thought would be appropriate for Payton to wear to court. She then ironed the clothes and drove directly to the jail. Based on this information Robinson believed he had probable cause to arrest McCoy for transporting a controlled substance into a correctional facility in violation of W. Va. Code § 61-5-8(c) (1997). Accordingly, he mirandized McCoy and then he and McCoy, each driving their own vehicle, traveled to the police station.

On July 12, 1995, a magistrate judge dismissed the criminal complaint against McCoy due to a defect in the complaint. Shortly thereafter Robinson learned that the West Virginia State Police forensic lab had determined that the rock-like substance found in Payton's vest pocket was not a controlled substance. Robinson then informed the prosecutor's office of the lab results and the State did not refile charges against McCoy. McCoy then filed suit under§ 1983 and West Virginia state law alleging that the incident at the jail, her arrest, and the unresolved drug charges have caused her to suffer severe depression and emotional distress.

This court reviews de novo a district court's grant of summary judgment and affirms only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A "genuine issue of material fact" exists when, viewed in the light most favorable to the nonmovant, the evidence presents a sufficient disagreement to require submission to a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). At summary judgment, all issues of credibility are resolved in favor of the non-moving party. See Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990).

To state a cognizable claim under § 1983, a plaintiff must demonstrate a violation of a clearly established statutory or constitutional right. See 42 U.S.C. § 1983 (1994). McCoy seeks to recover damages from Robinson and Vaughn under § 1983 based on her detention and warrantless arrest. Initially, we find that the district court properly granted Vaughn's motion for summary judgment on McCoy's claims under § 1983 because McCoy failed to establish that Vaughn violated

3

a clearly established statutory or constitutional right. Vaughn's only role in McCoy's arrest was to contact the state police and then to escort McCoy to a room for questioning. McCoy admits that she voluntarily remained at the jail after Vaughn confronted her because she wanted to speak with a police officer about the situation. She further admits that Vaughn did not mistreat her in any way. Accordingly, McCoy's failure to show that Vaughn violated a statutory or constitutional right precludes recovery under § 1983.

We also find the district court properly granted Robinson's motion for summary judgment on McCoy's claims under § 1983. There is no cause of action for a false arrest under § 1983 unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists when the facts and circumstances within an officer's knowledge, and of which they had reasonably trustworthy information, are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); see also United States v. Manbeck, 744 F.2d 360, 376 (4th Cir. 1984). In this case, Robinson arrived at the jail and a correctional officer informed him that he had found a small rock-like substance wrapped in cellophane inside an article of clothing that McCoy was delivering to inmate Marcus Payton. Robinson had previously heard from other police officers that Payton was a user and dealer of drugs. Both the correctional officer and Robinson believed that the substance was crack cocaine. Upon questioning McCoy, Robinson learned that the vest in which the correctional officer found the substance had been in McCoy's exclusive possession and control from the time she picked up the vest until she arrived at the jail. We find that this information was sufficient to warrant a reasonable belief that McCoy had acted in violation of West Virginia Code § 61-5-8(c) by transporting a controlled substance into a correctional facility. Hence we find that Robinson had probable cause to arrest McCoy. As a result, the district court did not err in granting Robinson's motion for summary judgment.*

_____

*Having found that McCoy cannot recover damages under § 1983 because there was no false arrest or imprisonment, we decline to address whether Robinson and Vaughn are entitled to qualified immunity from a suit for damages under § 1983.

4

To sustain her state law claim of false arrest or imprisonment, McCoy must show that Defendants Robinson and Vaughn illegally detained her without sufficient legal authority or justification. See Riffe v. Armstrong, 477 S.E.2d 535, 549 (W. Va. 1996). Our finding that Robinson had probable cause, and therefore the legal authority, to arrest McCoy forecloses her claim of false arrest against Robinson. Further, McCoy's admission that she voluntarily remained at the jail after Vaughn confronted her shows that Vaughn did not illegally detain her. Hence, her false imprisonment claim against Vaughn is also without merit.

Under West Virginia law an action for malicious prosecution requires a plaintiff to show: (1) that the prosecution was set on foot and conducted to its termination; (2) that the defendant caused or procured the prosecution; (3) that it was without probable cause; and (4) that it was malicious. See Hines v. Hills Dep't Stores, Inc., 454 S.E.2d 385, 390 (W. Va. 1994). Failure to prove any of these elements precludes recovery. See id. Because Robinson had probable cause to arrest McCoy and McCoy has put forth no evidence showing that either Robinson or Vaughn acted with malice, her malicious prosecution claim cannot be sustained as a matter of law.

Finally, we find that the district court properly granted the Defendants' motions for summary judgment on McCoy's claim of intentional infliction of emotional distress. In West Virginia, the intentional infliction of emotional distress is committed by "`[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another.'" Id. at 389 (quoting Harless v. First National Bank, 289 S.E.2d 692 (W. Va. 1982)). Moreover, "the law intervenes only where the distress is so severe that no reasonable [person] could be expected to endure it." Id. (internal quotation marks omitted) (alteration in original). Based on the record at summary judgment, no reasonable jury could conclude that either Robinson or Vaughn engaged in the type of extreme and outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress. See Anderson, 477 U.S. at 248 (holding that summary judgment is appropriate "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party"). Robinson arrested McCoy based on the reasonable belief that she had acted in violation of state law. He then questioned McCoy in accor-

5

dance with standard police procedures. Such conduct is neither extreme nor outrageous. Further, McCoy admitted at her deposition that Vaughn had not mistreated her. Accordingly, McCoy's claim of intentional infliction of emotional distress is without merit.

We therefore affirm the district court order granting summary judgment to Defendants Robinson and Vaughn on McCoy's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6